**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS GONZALEZ-MOLINA,

    Defendant.

Case No. 18-CR-40047-HLT-1

## MEMORANDUM AND ORDER

Defendant Jesus Gonzalez-Molina brings this motion to suppress the evidence found in a vehicle he was driving, Doc. 32. The Court held an evidentiary hearing on September 13, 2018, and received evidence including the testimony of the arresting officer and video recordings. Because Defendant fails to establish sufficient possessory or property rights in the vehicle or the drugs to directly challenge the search and fails to establish a factual nexus between his detention and the discovery of the evidence, the Court denies Defendant's motion.

**I.  BACKGROUND**

On April 3, 2018, Defendant was driving eastbound on Interstate 70 through Shawnee County, Kansas, in a white Toyota 4Runner with a Nevada license plate. A Shawnee County Sheriff's Deputy stopped the vehicle for a suspended registration. Four people were in the vehicle: Defendant, who was driving; Serena Marie Villan ("Serena"), the registered owner; Alejandro Payan-Torrecillas; and Starr Christine Villan, Serena's sister.[1] After running each occupant's identification, the deputy returned the documents and talked with Defendant and Serena.

---

[1] Serena Villan and Payan-Torrecillas are co-defendants in this case.

1

Ultimately, he searched the vehicle and found a hidden compartment in the muffler containing Oxycodone pills, over eighteen pounds of cocaine, and over a pound of methamphetamine. In this motion, Defendant moves to suppress this evidence based on a violation of his Fourth Amendment rights.

## II.     STANDARD

The Fourth Amendment protects people from unreasonable searches and seizures of their persons and their property. U.S. Const. amend. IV. Fourth Amendment rights are personal rights that may not be asserted vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). Therefore, a defendant cannot claim a violation of his Fourth Amendment rights based on an illegal search of another person's property or premises. *Id.* at 134. Instead, a defendant must show that he had a possessory or property interest in the area searched, or an interest in the property seized, that would give rise to a reasonable expectation of privacy in it. *Id.* at 148.

## III.    ANALYSIS

### A.     Defendant's Challenge of the Search Itself

Absent a showing of the interests above, a person cannot assert a Fourth Amendment privacy right in another's vehicle. *United States v. Jefferson*, 925 F.2d 1242, 1249-50 (10th Cir. 1991) (citing *Rakas*, 439 U.S. at 148). Although a person who lawfully borrows a car may acquire privacy rights in it because the owner "entrust[s] him with the right to enjoy a possessory interest in the car in the owner's absence," a person who drives another's vehicle with the owner in the car generally does not have a possessory interest in the car—the owner retains his possessory interest and attendant rights. *Id.* at 1250.

In *Jefferson*, an officer stopped and searched a vehicle driven by the defendant in which the defendant's brother and the owner of the vehicle were passengers. *Id.* at 1247. Both brothers

challenged the search. *Id*. at 1248. The Tenth Circuit, applying *Rakas*, held that the non-owner driver had no more privacy interest in the car than did his brother the passenger. *Id.* at 1249. The court stated, "the only additional fact that [the one brother] brings to the analysis is that he was driving the car," a distinction that was immaterial because "mere control is not sufficient to establish a protectable Fourth Amendment privacy right." *Id*. The court stressed, though, that it did not intend to establish a *per se* rule that a non-owner driver has no protectable privacy interest in a vehicle when the owner is present, stating it denied the motion only because the defendant had failed to establish the necessary interest. *Id.* at 1250 n.7.

Defendant has not produced any evidence of an ownership interest in the 4Runner, and his claim that he had a possessory interest in it because he was driving it with the owner's permission is foreclosed by *Jefferson*. His only other claim of possessory interest is his assertion in his brief that he had historically been given permission to drive the vehicle, but he introduced no evidence of that. Further, Defendant has not claimed an ownership or possessory interest in the drugs seized. For these reasons, Defendant cannot directly challenge the search of the vehicle.

**B.**     **Defendant's Derivative Evidence Claim**

A defendant who lacks the requisite interest to directly challenge the search of a vehicle may nonetheless challenge the lawfulness of his own detention and may seek to suppress the evidence found as the fruit or "derivative evidence" of that detention. *United States v. Nava-Ramirez*, 210 F.3d 1128, 1131 (10th Cir. 2000); *United States v. DeLuca*, 269 F.3d 1128, 1132 (10th Cir. 2001). To prevail on this theory, a defendant must show (1) "that the detention did violate his Fourth Amendment rights," and (2) "'a factual nexus between the illegality and the challenged evidence.'" *Nava-Ramirez*, 210 F.3d at 1131 (quoting *United States v. Kandik*, 633

F.2d 1334, 1335 (9th Cir. 1990)). Only after the defendant makes these two showings does the burden shift to the government to prove that the evidence is not fruit of the poisonous tree. *Id.*

As to the first prong, the parties agree that the initial stop was valid but dispute whether it later became invalid. The Court need not resolve this argument because, even assuming the stop became invalid, Defendant fails to demonstrate the factual nexus required by the second prong. Specifically, in *Nava-Ramirez*, the Tenth Circuit described the second prong as requiring the defendant to, at a minimum, "adduce evidence at the suppression hearing showing that the evidence sought to be suppressed would not have come to light but for the government's unconstitutional conduct." *Id.* at 1131. The defendant in *Nava-Ramirez*, like here, was a non-owner driver and the owner was present in the car when it was validly stopped. *Id.* at 1130. Officers searched the passenger compartment with consent and found no contraband, but they then conducted a pat-down search of the men and extended the search to the trunk, where they found methamphetamine. *Id.* The defendant argued that his detention became unlawful after the search of the passenger compartment revealed no evidence of illegal activity. *Id.* at 1131. The Tenth Circuit stated that even if the continued detention was unlawful, the defendant failed to show a factual nexus because he did not adduce evidence that the owner would have given him permission to take the car and leave prior to the search of the trunk. *Id.*

More recently, in *DeLuca*, the Tenth Circuit described the second prong as requiring the defendant to show that "but for *his*, and only his," unlawful detention, the evidence would not have been found. 269 F.3d at 1133. Because the defendant-passenger did not make this showing, the court stated it would "assume that regardless of [the defendant's] presence, the car and its owner would have continued to be detained and the officer would still have found the methamphetamine." *Id*.

Here, Defendant did not testify or introduce evidence that Serena would have allowed him to leave in the 4Runner after the traffic stop. And he would not have been allowed to leave; the deputy credibly testified that he would have stopped Defendant if he tried to leave after the deputy returned the documents. This case is controlled by *Nava-Ramirez* and *DeLuca*. Defendant fails to establish a factual nexus between his detention and the discovery of the evidence.

## IV. CONCLUSION

Because Defendant fails to establish sufficient possessory or property rights in the vehicle or the drugs to directly challenge the search and fails to establish a factual nexus between his detention and the discovery of the evidence, the Court denies his motion.

THE COURT THEREFORE ORDERS that Defendant's Motion to Suppress, Doc. 32, is DENIED.

IT IS SO ORDERED.

Dated: October 11, 2018 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE